NOTIFICATION

EXPEDITING ASKED (28 USC 1657/28 USC 2072(B)

FAVORABLE DISPOSITION WITHIN 30 DAYS ASKED

RECEIVED JUN 01 2012 CLERK, U.S. DISTRICT COURT ST. PAUL, MINNESOTA

GREGORY CORREIA

P.O. BOX 1000

SANDSTONE, MN  55072

       Relator/Petitioner


V.                        FILE NO:_____


US DEPT. OF JUSTICE

UNITED STATES MARSHALS,

ADDRESS:  Serve Process Clerk At

<u>880 FRONT ST.</u>

<u>SAN DIEGO, CA 92101</u>,

OFFICE OF THE UNITED STATES

ATTORNEY GENERAL, US DOJ,

ADDRESS: Serve Process Clerk at

950 PENNSYLVANIA AVE., NW

WASHINGTON, DC  20530

       Respondents & Defendant(s) Jointly/Severally

--------------------------------------------

CONSOLIDATED NOTICE OF COMPLAINT ON ULTRA VIRES ACTS IN VIOLATION OF APA AND FOIA REQUIREMENTS AND SEEKING MANDAMUS AND INJUNCTIVE RELIEF

[28 USC 1361/1391(e), 5 USC 552(FOIA), 5 USC 703, 28 USC 2072(b)]

--------------------------------------------------------------

SCANNED JUN 06 2012 U.S. DISTRICT COURT ST. PAUL

Comes now GREGORY CORREIA, Petitioner and Relator herein hereinafter collectively "Plaintiff" in this writing notifying the Judicial Department (US Courts) administration of violations of APA provisions, which violations they are charged with redress of and administration of the enforcement and observance of.

I. PRELIMINARY SUMMARY

(1) Plaintiff contacted the US Marshals office at the Courthouse is San Diego California, a place where he was processed for criminal offenses arising from administrative transactions, and sought certain documentation of them. This information they are required to provide per the FREEDOM OF INFORMATION ACT 5 USC 552 AND THE APA (Administrative Procedures Act).

(2) Prior to the filing hereof Plaintiff has contacted the United States Courts as an Entity seeking certain disclosures which are concealed and seem to suggest that the nature and cause of proceedings against Plaintiff in the USDC were fraudulent, fraudulently procured, and efectually a form of collusion and conspiracy against rights. While they currently contract regarding drugs as a hearing agency under Policy out of the Executive Office of National Drug Control Policy because the USDC deems itself always acting in one capacity due to their statutory designation as "court" and "court of record" they refuse to comply with the Freedom of Information Acts provisions even though their partnering with Administrative Agencies - as operative under and in unison with them as law enforcement - puts them squarely within the purview of the law compelling certain disclosures upon

request.

(3)     Nonetheless, Plaintiff contacted the US Marshals Office knowing that they have in their files different case numbers than the USDC have revealed, knowing that they act as collectors and converters of assets and such into proceeds much like the sheriffs of the states counties do, knowing that the existence of other underlying parties and transactions would be in their files, knowing that evidence of the true origins of the transactions against Plaintiff would be in their files, knowing that the USA was listed in their files as a federal agency and that the US Attorneys Office Law firm would be listed as representing some local/state business or other agency showing that the United States was not directly interested in the prosecution but that it was brought at the instance of another, and knowing that they (US Marshals business) were definitely subject to the FOIA and PA requirements FOIA was filed with them over 30 days ago via USPS POSTAGE PREPAID CERTIFIED MAIL TO THEIR LEGAL ADDRESS WHERE THEY INTERACTED WITH ME ADDRESSED TO THE LEGAL HEAD THEREIN (CERT. MAIL NO.#7011 3500 0000 1610 4601). All records of USPS confirm prompt delivery by April 26, 2012.

(4)     The law and the form used provides notice to them that they are obligated to respond within ten (10) business days of receipt. Certificate of identity was included. The nature and cause of the filing hereof is therefore adequately disclosed. FOIA provisions have been violated, exhaustion occurred by asking or further questioning is futile and immediate harm is occurring by loss of liberty rights based on misrepresentation of facts and concealment.

II. REMEDY AND RELIEF SOUGHT

(5) This is an action stemming from the FOIA being violated, and APA being violated, and the common law as it is imposed upon and obligatory upon foreign corps. doing business within the several states even where treated as domestic. Specifically 5 USC 552, APA, 5 USC 701, where expedited processing and release of agency records requested by Plaintiff from the Defendants (both known and unknown Defendants) generally named herein and collectively addressed as US MARSHALS (SERVICE/BUSINESS).

(6) WHEREFORE, it is asked that this Authority COMPEL AND/OR REQUIRE that:

(A) The entity Defendants process the requested records in their entirety immediately;

(B) That these Defendants, on completion of the expedited processing, disclose the requested records in their entireties and make copies available to Plaintiff;

(C) That expeditious proceedings in this action occur;

(D) That the Defendants be required to disclose the Policy portions pages wherein their Offense Codes different than the US Code are created and authorized to be used in their paperwork;

(E) That the Defendants be required to disclose the Policy portions pages wherein they are authorized to use Case File Numbers different than the US District Courts index file numbers and that they reveal all other records to which their Case File numbers relate or may be referenced in any other office or entity whether state, United States, Local, or Private.

-4-

(F) That Plaintiff be awarded about $400.00 for his troubles in having to file this instead of the authorities just doing their job and handing over what was sought;

(G) That Plaintiff receive all other such Relief which this authority may find just and proper under the circumstances INCLUDING that the other departments and agencies of the Executive Dept. Bar None wherein any information may be contained regarding the topic spoken of should be disclosed immediately without redactions to GREGORY CORREIA including specifically the Treasury Department and its director.

(7)     Bear in mind that 28 USC 1361 the Mandamus and Venue Act provide authority and requirement for the district Court to entertain these matters under original jurisdiction first - though they are not the only authority who may compel or require a US Officer or agency to do an act required by law USDC must at least have first dibs on doing it - and FRCP 65 provides authority for injunction and expedited proceedings to the extent this authority may be compelled to grant such.

(8)     Any disclosures should be hand delivered to Plaintiff or mailed to him at FCI Sandstone via Special Mail Procedures by marking the mail "special mail - open in the presence of inmate CORREIA only" and "authorized package from Justice Dept./Executive Dept. of the US.

III. JURISDICTION AND VENUE

(9)     Subject matter jurisdiction arises and personal jurisdiction arises pursuant to 5 USC 552(a)(4)(B), (6)(E)(iii), 5 USC 701/703 et. seq.; Also, as stated 28 USC 1361 the Mandamus and Venue Act together with 5 USC 703 gives jurisdiction over this matter to these authorities before

-5-

others.

(10)   Venue is proper pursuant to 28 USC 1391(e)(3) (as the Plaintiff is currently residing at FCI Sandstone, 2300 County Road Rt. 29 Sandstone, MN  55072 and was at times material to the specific FOIA request to US Marshals in California - San Diego); 5 USC 552(a)(4)(B) also instructs as to Venue here under these circumstances where a portion of the Records are held by FCI Sandstone delivered together with Plaintiffs person on arrival.

(11)   Also, conspiracy against private rights by circumvention of the intent of the law without violating the wording and circumventing requirements of the Bill of Rights by artful construction and layering of transactions against private rights is implied here.  All against the peace, dignity and government, as well as constitution and laws in harmony of the United States Nation as sovereign.

IV. PARTIES

(12)   Plaintiff is a Private Legal Individual proceeded against in a transaction out of the USDC at San Diego wherein he was processed by the US Marshals Office and Officers indicated, all warrants were filed with and went through them in likely partnership agreement implied with the County Sheriffs in that particular area, which transaction was represented to be at the sole instance and initiation of the United States as sovereign invoking article III of US Const. but which really now appears to actually - based on hints in US Marshals files and all parties now giving the silent treatment - be an Administrative Proceeding of some sort initiated by other than the United States or UNITED STATES OF

AMERICA as alter ego of the United States but rather by some local/state private legal entity capacity person for profit and gain. There has been nothing produced to suggest otherwise and the USDC record is absolutely silent as to the true origins whereas it can only be presumed that the capacities involved and the processes involved are inferior in nature and not of the Nature they would have Plaintiff and his counselor initially presume to exist.

(13)     Defendant US Marshals and US DOJ Principal Corp./Business are all agencies within the meaning of 5 USC 552(f).

(14)     Defendant Attorney Generals Office is the head of the US DOJ agency of the Executive Department. This Defendant under respondeat superior and agency principles is responsible for both US DOJ entire agency compliance and US Marshals Compliance with the laws of the United States, Regulations promulgated under such laws, compliance with Constitutional restraints on their operations, for their compliance with private rights, and for the laws and regulations as well as acts involved here.

(15)     All are accused jointly and severally for the environment permitting the non-compliance complained of.

V. FACTS AND DISCUSSION

(16)     Specifically Plaintiff asked the USDOJ US Marshals Office at San Diego for "any and all records, documents, photographs, audio or video recordings, & any other type of information that your agency has in its possession that is in any way connected to or related to, or even remotely in reference to the following: GREGORY CORREIA REQUESTS

-7-

DISCLOSURE OF THE US MARSHALS OFFICE FORM(S) WHEREIN IT IS DISCLOSED THE STATE/LOCAL AGENCY (BUSINESS) OFFENSE CODES USED AND THAT THE USA WAS A FEDERAL AGENCY REPRESENTED BY THE US ATTORNEY WHILE THE OTHER PARTIES WAS REPRESENTED BY THE US ATTORNEYS OFFICE, AND DISCLOSE THE NAME OF THE STATE/LOCAL BUSINESS INVOLVED AS THE RELATOR COMING IN THE NAME OF THE UNITED STATES OF AMERICA AND AT THE INSTANCE OF THEIR STATE/LOCAL RELATOR AGENCY AND WHAT OTHER OFFICES THE INFORMATION AND IDENTITY OF THE STATE/LOCAL RELATOR IS HELD IN"

But to date the US Marshals have ignored the request sent to them via Notice of Claim for Disclosures and Inquiry sent Cert. Mail Postage Prepaid (confirmed delivered by USPS Apr. 26, 2012).

(17)    The request was in conformity with the law for these types of requests.

(18)    Plaintiff states that on information and belief his request met the requirements for expediting under the DOJs regulations.

(19)    Because the requested info. regarded deprivation of liberty and documents directly pertaining to Plaintiff he is a "party in interest" entitled to disclosures unredacted.

VI. NO OTHER REMEDY IS AVAILABLE, DEFENDANTS FAILURE TO RESPOND TO A TIMELY AND IMPORTANT DISCLOSURE REQUEST, AND PLAINTIFFS ENTITLEMENT TO EXPEDITED PROCESSING.

(20)    To date, Defendants have not responded to Plaintiffs request or to Plaintiffs request for expedited processing quite likely because they have zero (0) belief in the willingness or ability of Plaintiff - a financially bankrupt

individual bankrupted by the USDC proceedings - to seek by this means compelling of disclosures to enforce his rights and investigate the fraud he sees signs of.d

(21) Plaintiff has exhausted the remedies available to him, or otherwise such exhaustion is proven by the behavior of the US DOJ US MARSHALS to be futile plus a liberty interest is involved. No claim of a requirement to follow any such protocols can be claimed to exist where the United States was not the primary interested party in the prosecution related but rather was party to an enforcement at the instance of and to the benefit of another essentially private legal individual profiteering. The law states that what these businesses call themselves is irrelevant, their nature controls. See Hemphill V. Orloff, 277 US 537, 48 S.Ct. 577, 72 L.Ed. 978 (1928). And Corp. Existence implies amenability to legal process (See Wilson V. US, 221 US 361, 55 L.Ed. 771, 31 S.Ct.538).

(22) Plaintiff is entitled to expedited proceedings and processing of its FOIA request under standards contained in US DOJ regulations and as suggested by common law duties imposed upon corporations who would interact with private persons to deprive them of liberty rights or private property or both.

(23) Defendants have wrongly withheld the requested records from Plaintiff.

(24) There is no other adequate and full remedy available to Plaintiff, and he seeks that they be compelled and required to do an act required by FOIA and the laws and principles it embodies. And the law states that while Mandamus is considered extraordinary in fact where the facts show a denial of a right and arising of a right of compulsion to perform a

legal duty there is no authority to deny Plaintiff the relief sought.

See In Re Chambers Development Company, Inc., 148 F.3d 214, 223 (3d Cir. 2000).

VII. CLAIMS FOR RELIEF

(25)    Plaintiff reasserts all facts set forth above and states further that:

(Claim 1) The Defendants violated teh FOIA by failing to respond to the request for expedited processing.  This failure to timely respond violates key sections of the FOIA, 5 USC 552, and Defendant DOJ,s own regulation Promulgated under the Act.

(26)    Plaintiff reasserts all facts set forth above and further states that:

(Claim 2) The APA was violated by the failure to respond to the request for expedited processing.  Defendants failure to timely respond to the Plaintiffs request for expedited processing constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA and suggests due to the nature of the inquiry avoided by them that something violating greater policy, rights, and law has occurred and that USDOJ and/or US Marshals and/or Others are involved and in privity and collusion to conceal the true nature of the affront to law and private rights.  The Defendants failure to Timely respond is arbitrary Capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law (violates due process and is ultra vires), all in violation of all law, including Constitution, Statute, APA, and FOIA.

(27)    Plaintiff reasserts all facts set forth above and further states that:

(Claim 3) By Failing to grant request for expedited processing the FOIA has been further violated and a conspiracy against rights is implied as the material sought to be disclosed should not exist or if in existence should have been openly and obviously displayed and/or disclosed from day one of US Marshals and USDC processing claims against Plaintiff or for any other involving Plaintiffs rights or property so that he could properly ascertain the NATURE AND CAUSE OF ADMINISTRATIVE PROCEEDINGS AS REQUIRED BY LAW AND APA PROVISIONS.  See Title 5 USC 552 Et. Seq. and 701 Et. Seq.

(28)    Plaintiff reasserts all facts set forth above and further states:

(Claim 4) The APA was violated by the Defendants failure to grant Plaintiffs request for expedited processing as it is arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law (violation of due process and ultra vires), all in violation of all law including Constitution, Laws of the United States and States, the FOIA, and the APA, as well as against the peace, dignity, government, laws, and constitution of the United States.

VIII. CONCLUSION

(29)    WHEREFORE, again Plaintiff asks that all he asked for above for the reasons set forth herein as well as implied and expressed be granted with all due haste.  Further expediting is warranted.  It is asked that judicial notice be taken of all which cannot be rebutted and that due accord be given to

-11-

the principles annunciated in Olmstead V. United States, S.Ct. (Judges are bound by Justice to side with the least favorable citizen among us where justice stands on his side of the line), Marbury V. Madison, S.Ct. ( Anything contrary to the constitution of the United States is void and all judges of the United States and States are bound thereby as are all officers, and Berger, S.Ct. (the United States Prosecutors are obligated to see justice done not that they shall win a case or maintain a conviction, where justice is on the side of the citizen despite what they may be accused of it becomes the job of the prosecutor for the government to champion his cause or at least to not impede it and the swift doing of justice). See also FREvid 201(d)(e)(f).

(30)    Please further note that the facts set forth here, if strictly taken to be truth - as they are truth of which mandatory judicial notice is asked to be taken -
indicate a fraudulent occurrence which impairs and has impaired the orderly and judicious functioning of the judicial department in its assigned duties along the lines of Judicial Conference Executive Committee etc. prohibitions on interferences with Judicial Department staff and agencies effectively disposing of cases before them with a full understanding of the nature and cause.

(31)    All set forth herein is stated under oath, stated as true, correct, and complete, based upon first-hand knowledge, info., and belief of the Undersigned and as affidavit in substance and intent nothing more is needed to make out the prima facie truth and case.  Undersigned is over age 18, competent to contract, and has personal knowledge of all facts

set forth herein except to the extent other authorities are implied.

Respectfully Presented, In Honor & Good Faith, SS

28 USC 1746, 31 USC 3729, 18 USC 1621, 287, 1001:

*[signature]*

GREGORY CORREIA

[PRO SE]

CC:

PROOF OF SERVICE:

THIS IS TO CERTIFY THAT A TRUE AND CORRECT COPY HEREOF WAS PROVIDED TO THE AGENCY US MARSHALS SERVICE TO THE ATTENTION OF THE LEGAL HEAD OF THAT OFFICE AT SAN DIEGO USDC COURTHOUSE, AND TO THE UDDOJ OFFICE OF THE ATTORNEY GENERAL AT THE JUSTICE DEPT. BUILDING ON THIS DATE 5/28/12 VIA USPS FCM POSTAGE PREPAID AND TO THESE AUTHORITIES AS NOTICE OF THE CLAIM AGAINST THEM BY PLACING IN THE MAIL AT THE JAIL OR HANDING TO STAFF. 28 USC 1746.

SS: *[signature]*   GREGORY CORREIA