UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Gregory Correia,                                    Civil No. 12-CV-1339 (MJD/LIB)

        Plaintiff,

v.

                         **REPORT AND RECOMMENDATION**

U.S. Department of Justice et al,

        Defendants.

_____

      This matter came before the undersigned United States Magistrate Judge on a routine supervision of the cases that pend before the Court and a general assignment made pursuant to 28 U.S.C. § 636.

      On June 7, 2012, upon Plaintiff's application to proceed in forma pauperis (IFP), the Court issued an order directing Plaintiff to pay an initial partial filing fee of not less than $125.82 and advised Plaintiff that if he failed to comply with the Court's order, the Court would deem that the action had been abandoned and would recommend dismissal without prejudice pursuant to Fed. R. Civ. P. 41(b) and for lack of prosecution.  (See Order [Docket No. 3]).  On June 15, 2012, Plaintiff filed an objection to the Court's order.  (See Docket No. 4).  Subsequently, the Honorable Michael J. Davis issued an order affirming the June 7, 2012 order issued by the undersigned.  (See Order [Docket No. 5]).  Because the initial deadline imposed by the Court for making the initial partial filing fee payment had passed, the Court issued another order directing Plaintiff to make payment by the new date of August 20, 2012.  (See Order [Docket No. 6]). Once again, the Court warned Plaintiff that if he "fail[ed] to comply with the Court's order, it will be deemed that Plaintiff has abandoned the action, and the Court will recommend that it be

dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) and for lack of prosecution."

(Order [Docket No. 6] at 1-2).

Plaintiff did not pay the filing fee directed by the Court.  Instead, Plaintiff filed a "Notice of Return and of Error of Law" letter making several arguments that the Court is attempting to delay the proceeding and acting as a business to impose a burden on Plaintiff to do something not required under the law:

> Only a fool would pay first for something after an admission that you might not even be able sell the person that which they seek to purchase.  Here, Plaintiff wishes to "purchase" injunction proceedings.  The question is will and can this authority sell the proceedings Plaintiff seeks and the relief or not.  Please address that.

(Letter [Docket No. 7] at 4).  Plaintiff's overall argument once again appears to be that he cannot be required to pay any fee (including an initial partial filing fee) before the Court first addresses whether Plaintiff's claim would survive the initial screening required by 28 U.S.C. § 1915A.  As already noted above, Plaintiff filed an objection to the Court's initial order requiring him to make the initial partial filing fee, and Chief Judge Davis affirmed the order requiring Plaintiff to make the payment.  To the extent that Plaintiff now objects to Chief Judge Davis's order requiring Plaintiff to make the payment, such an objection is procedurally improper, and the undersigned need not address any such argument.  Moreover, the Court need not once again address Plaintiff's argument that he cannot be required to make a payment prior to the screening of his case because the Court already addressed the argument in the order dated June 7, 2012:

> Section 1915(b)(1) requires prisoner IFP applicants to pay an **initial** partial filing fee at the **outset** of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.
>
> . . .

**If** Plaintiff pays his initial partial filing fee within twenty (20) days after the date of this order, the case will be allowed to go forward, and Plaintiff's complaint will **then** be "screened" pursuant to 28 U.S.C. § 1915A to determine whether he has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status, and order that a summons be issued and that the Defendants be served by the United States Marshal. If Plaintiff's complaint does not survive the initial screening process, this action will be summarily dismissed, and Plaintiff will remain liable for the entire unpaid balance of the $350.00 filing fee.

(See Docket No. 3).  As recently explained by another Court, "[t]hat Plaintiff's case [may be] dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee." Cragoe v. Maxwell, 2012 WL 462960, at *4 (D. S.D. Feb. 13, 2012); In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) ("Even if Tyler's petition is dismissed, Tyler will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").  As explained in Cragoe,

One of the purposes of the Prison Litigation Reform Act is to "require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?"

Cragoe, 2012 WL 462960, at *4 (quoting Roller v. Gunn, 107 F.3d 227, 231 (4th Cir. 1997)).

The Court has already issued two orders directing Plaintiff to pay his initial filing fee. Plaintiff has failed to do so.  The Court also expressly warned, in each of the two orders, that "[i]f Plaintiff fail[ed] to comply with the Court's order, it will be deemed that Plaintiff has abandoned the action, and the Court will recommend that it be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) and for lack of prosecution."  (Order [Docket No. 6] at 1-2); (see also Order [Docket No. 3] at 3).

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the Court's prior orders, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); <u>Henderson v. Renaissance Grand Hotel</u>, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); <u>In re Tyler</u>, 110 F.3d at 529 ("If [Plaintiff] does not satisfy his financial obligation to this Court within fifteen days, our Clerk will dismiss [the] petition with prejudice for failure to prosecute.").

Based upon the above, and upon all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE for failure to comply with this Court's Orders of June 7, 2012 and August 1, 2012, and for lack of prosecution.


Dated: September 11, 2012                          s/Leo I. Brisbois
                                                   LEO I. BRISBOIS
                                                   United States Magistrate Judge


**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 25, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.